IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

YOULONDA ADAMS,
3630 Douglas Avenue #606
Racine, Wisconsin 53402,

Plaintiff, Pro Se,

v.                     Case No. 26-C-0735

RACINE COUNTY,
730 Wisconsin Avenue
Racine, Wisconsin 53403

Defendant;

COMPLAINT AND JURY DEMAND

Plaintiff, Youlonda Adams ("Plaintiff"), proceeding pro se, alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for employment discrimination arising under Title VII of the Civil
   Rights Act of 1964, 42 U.S.C. § 2000e et seq.
2. Plaintiff brings claims for race discrimination, hostile work environment, retaliation, and
   constructive discharge.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.
4. This action arises under Title VII of the Civil Rights Act of 1964.
5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the unlawful
   employment practices occurred in this District.

## III. PARTIES

6. Plaintiff, Youlonda Adams, is an African American woman over the age of fifty (50) and
   a resident of Racine, Wisconsin.
7. Defendant, Racine County, is a governmental employer within the meaning of Title VII
   and was Plaintiff's employer at all relevant times.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity
   Commission ("EEOC"), Charge No. 443-2024-02934.

1

9. Plaintiff received a Notice of Right to Sue from the EEOC.
10. This action is filed within ninety (90) days of receipt of that Notice.

## V. FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendant from November 15, 2021 through July 2, 2024.
12. Plaintiff initially worked as an IT Service Technician before transferring in November 2022 to the Register of Deeds Office as a Recording Specialist.
13. Plaintiff was qualified for her position and performed her duties satisfactorily.
14. During her employment, Plaintiff was subjected to disparate treatment based on her race, including but not limited to:
    a. Excessive scrutiny and criticism not applied to similarly situated non-African American employees;
    b. Character attacks and undermining of her professional competence;
    c. Unequal enforcement of workplace policies;
    d. Exclusion from workplace opportunities and communications.
15. Plaintiff was subjected to racially hostile conduct, including racially derogatory remarks and demeaning treatment.
16. Plaintiff reported discriminatory conduct and hostile working conditions to Human Resources.
17. Defendant failed to take prompt or effective remedial action.
18. After engaging in protected activity, Plaintiff was subjected to retaliation, including:
    a. Negative and allegedly fabricated performance evaluations;
    b. Increased workload and job reassignment;
    c. Revocation of work-from-home privileges;
    d. Disciplinary actions including suspension without pay.
19. The work environment became increasingly hostile and intolerable.
20. As a direct result of Defendant's actions, Plaintiff suffered emotional distress, humiliation, and professional harm.
21. The conditions became so intolerable that a reasonable person would have felt compelled to resign.
22. Plaintiff resigned on or about July 2024 as a direct result of the hostile work environment and discriminatory treatment, constituting constructive discharge.

## VI. CLAIMS FOR RELIEF

## COUNT I – RACE DISCRIMINATION (TITLE VII)

23. Plaintiff incorporates paragraphs 1–22.
24. Plaintiff is a member of a protected class.
25. Plaintiff was qualified for her position.
26. Plaintiff suffered adverse employment actions.
27. Similarly situated employees outside Plaintiff's protected class were treated more favorably.
28. Defendant's actions were motivated by race in violation of Title VII.

2

## COUNT II – HOSTILE WORK ENVIRONMENT (TITLE VII)

29. Plaintiff incorporates paragraphs 1–22.
30. Plaintiff was subjected to unwelcome conduct based on race.
31. The conduct was severe or pervasive enough to create an abusive working environment.
32. Defendant knew or should have known of the harassment and failed to take corrective action.

## COUNT III – RETALIATION (TITLE VII)

33. Plaintiff incorporates paragraphs 1–22.
34. Plaintiff engaged in protected activity by reporting discrimination.
35. Defendant subjected Plaintiff to materially adverse actions.
36. There is a causal connection between Plaintiff's protected activity and Defendant's actions.

## COUNT IV – CONSTRUCTIVE DISCHARGE (TITLE VII)

37. Plaintiff incorporates paragraphs 1–22.
38. Defendant knowingly permitted intolerable working conditions.
39. A reasonable person would have felt compelled to resign.
40. Plaintiff's resignation was a foreseeable result of Defendant's conduct.

## VII. DAMAGES

41. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered:
    a. Loss of wages (back pay and front pay);
    b. Loss of employment benefits;
    c. Emotional distress and mental anguish;
    d. Reputational and professional harm;
    e. Other economic and non-economic damages.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant;
B. Award back pay and front pay;
C. Award compensatory damages;
D. Award punitive damages as permitted by law;
E. Grant equitable relief;
F. Award costs of this action;
G. Grant such other and further relief as the Court deems just and proper.

## IX. JURY DEMAND

3

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

_____

Youlonda Adams
Pro Se Plaintiff
3630 Douglas Avenue #606
Racine, Wisconsin 53402
(404) 271-2086
youlonda.adams@gmail.com

4